Matter of Iannuzzi (2024 NY Slip Op 05643)

Matter of Iannuzzi

2024 NY Slip Op 05643

Decided on November 14, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T Renwick
Presiding Justice
David Friedman Lizbeth González Martin Shulman Bahaati E. Pitt-Burke
Justices.

Motion No. 2024-02128 Case No. 2022-00927 

[*1] In the Matter of John N. Iannuzzi (Admitted as John Nicholas Iannuzzi) A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, John N. Iannuzzi (OCA Atty Reg. 1144823), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John N. Iannuzzi, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 18, 1962.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Orlando Reyes, of counsel), for petitioner.
Michael S. Ross, Esq., for respondent.

Per Curiam 

Respondent John N. Iannuzzi was admitted to the practice of law in the State of New York by the First Judicial Department on June 18, 1962, under the name John Nicholas Iannuzzi. At all times relevant to this proceeding, respondent maintained a law office within the First Department.
By motion, dated April 25, 2024, respondent seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York. He submits an affirmation in support of his motion, dated April 18, 2024, acknowledging that he is the subject of an investigation by the Attorney Grievance Committee (AGC) for allegations of professional misconduct. Respondent allegedly commingled earned legal fees with clients' funds, failed to maintain proper bookkeeping records, and prematurely withdrew legal fees from his trust account that he had not yet received.
Respondent asserts that he is 89 years old, in ill health, and currently undergoing dialysis for kidney failure. He states that there is no allegation that he owes restitution to any client or third party. However, he admits that he cannot successfully defend himself against the allegations of professional misconduct, and he freely and voluntarily resigns without coercion or duress. Respondent acknowledges and agrees that, pending an order accepting his resignation, he will not represent new clients, accept retainers for future legal services, or partake in any transactional activity in any fiduciary account other than for the payment of funds held in those accounts for clients who are entitled to receive them.
We previously granted the AGC's motion to suspend respondent from the practice of law (see Matter of Iannuzzi, 207 AD3d 105, 108-109 [1st Dept 2022]). By affirmation dated May 9, 2024, the AGC states that it does not oppose respondent's motion to voluntarily resign from the practice of law. The AGC concurs that respondent's moving papers comply with the requirements of 22 NYCRR 1240.10. The AGC notes that respondent's description of the Rule of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c) is troublesome because he did not fully address the intentionally dishonest nature of his conduct. However, given respondent's admission that he partook in misconduct, along with his age and poor health, the AGC determined that there is no compelling [*2]reason to oppose respondent's resignation.
Accordingly, respondent's motion to resign as an attorney and counselor-at-law licensed to practice in the State of New York is granted, and his name stricken from the roll of attorneys, nunc pro tunc to April 18, 2024.
All concur.
Wherefore, it is Ordered that the application of respondent to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted and respondent, John N. Iannuzzi, admitted as John Nicholas Iannuzzi, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to April 18, 2024,
It is further Ordered that, pursuant to Judiciary Law § 90, respondent John N. Iannuzzi, admitted as John Nicholas Iannuzzi, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, John N. Iannuzzi, admitted as John Nicholas Iannuzzi, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, John N. Iannuzzi, admitted as John Nicholas Iannuzzi, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: November 14, 2024